UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:10CV792 RWS ) |
| REGINALD BAILEY, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

On January 6, 2010, Defendants Reginald and Roxanna Bailey received a judgment in this District Court against Plaintiff Allstate Property and Casualty in the amount of $140,000 in Case No. 4:08CV1456 TCM. The verdict was for liability under an insurance policy issued by Allstate. The Allstate policy provide coverage to the Baileys' home located at 5920 Julian Avenue in St. Louis, Missouri which was damaged by a fire on April 22, 2008.

Allstate filed an interpleader complaint seeking to deposit the judgment amount with this Court for adjudication. Allstate asserts that the Baileys as well as Defendants Franklin Credit Corporation and Inman & Associates appear to have an interest in the judgment proceeds. As the basis for this assertion Allstate relies on the Baileys' sworn statement in proof of loss that was executed on June 30, 2008. (Pls.' Compl. Ex. 3) In that statement the Baileys identify Franklin Credit and Inman as having an interest or incumbrance on the property. In addition, Franklin Credit is identified in Allstate's insurance policy as a mortgagee of the property. (Pls.' Compl. Ex. 1)

The Baileys filed a motion for summary judgment asserting that Franklin Credit did not

have an interest in the proceeds of the judgment. This motion is premature. The whole purpose of an interpleader action is to determine who has a valid claim to money paid into the Court. Based on the record, Allstate has properly pleaded an interpleader action.

The Baileys also suggest that Franklin Credit is barred from asserting any interest in the funds because Franklin Credit's motion to intervene in Case No. 4:08CV1456 TCM was denied. I have reviewed and taken judicial notice of the Court's own record in that case and I find that Franklin Credit's claim is not barred by any ruling in that lawsuit. The Court's ruling simply denied the motion to intervene and did not adjudicate any rights that Franklin Credit may have to the judgment proceeds at issue in the present case.

Franklin Credit has filed an answer in this matter as well as counter and cross claims. The counter and cross claims seek the entire judgment amount of $140,000 which Allstate seeks to interplead in this Court. The counter and cross claims also seek a ruling that Allstate and the Baileys are not released from any further liability they may have to Franklin Credit as the mortgagee of the property in the event that the Court allows the judgment to be interplead.

Allstate has interpreted Franklin Credit's counterclaim as asserting a claim for additional amounts Allstate may owe to Franklin Credit in excess of the judgment being interplead. Based on this interpretation of Franklin Credit's counterclaim, Allstate filed a motion to strike the counterclaim stating that this proceeding should be limited to the distribution of the interplead funds. Franklin Credit filed a response to the motion to strike confirming that it was not asserting other claims in this case but was merely seeking to preserve its rights to any claims it may have against Allstate and the Baileys based on Franklin Credit's position as the mortgagee of the property at issue.

I agree with both Allstate and Franklin Credit that the scope of this action is limited to the allocation of the interplead funds. The issue is which party, the Baileys, Franklin Credit, or Inman has a superior claim to the funds. Such a judgment, should not and will not effect any rights Franklin Credit may have against Allstate or the Baileys.

Therefore, I will grant Allstate's motion to interplead the judgment funds in the amount of $140,000 to the Court. Leave to interplead the funds does not release Allstate from any other claims or obligations which Franklin Credit may have arising from its position as the mortgagee of the subject property.

I will issue a separate order setting a Rule 16 conference in this matter to set a case management order.

As a final matter, I note that Defendant Inman & Associates executed a waiver of service in this action but has failed to file an answer or other responsive pleading. As a result, Inman is in default. Allstate shall file a motion for a Clerk's Entry of Default and a separate motion for a default judgment against Inman seeking a judgement that Inman is not entitled to any of the interplead funds.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Allstate Property and Casualty's motion to interplead the judgment amount of $140,000 into the Court's trust [#1] is **GRANTED**. Upon the interpleading of those funds Allstate is released from any further liability to any of the Defendants as to the judgment funds. The granting of this motion does not release Allstate from any liability it may have to any Defendant in excess of the $140,000 interplead in this action. The funds shall be deposited with the Court forthwith.

**IT IS FURTHER ORDERED that** Allstate shall file a motion for a Clerk's Entry of Default and a motion for default judgment against Defendant Inman & Associates. Allstate shall send copies of this Order and the default motions to Inman & Associates and indicate such service in the certificate of service filed with the motions.

**IT IS FURTHER ORDERED that** Defendant Baileys' motion for summary judgment [#12] and motion for default ruling [#21] are **DENIED**.

**IT IS FURTHER ORDERED that** Allstate's motion to strike Franklin Credit's counterclaim [27] is **DENIED**.

**IT IS FURTHER ORDERED that** all other pending motions are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2010.