UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:10CV792 RWS |
| REGINALD BAILEY, et al., ) ) ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Allstate Property and Casualty filed this interpleader action on April 30, 2010, seeking to deposit a $140,000 judgment with this Court for adjudication of which Defendant is entitled to the proceeds. Allstate asserts that the Baileys as well as Defendants Franklin Credit Corporation and Inman & Associates appear to have an interest in the judgment proceeds.

On May 11, 2010, Inman & Associates executed a waiver of service of the summons. However, Inman has never filed an answer or other responsive pleading in this matter. In an Order dated September 23, 2010, I directed Allstate to file a motion for default and a motion for default judgment against Inman based on Inman's failure to respond to the complaint. On October 7, 2010, Allstate filed a motion for default. On October 8, 2010, the Clerk of Court granted an entry of default against Inman. On the same date Allstate filed a motion for default judgment against Inman. According to the certificates of service that accompanied Allstate's default motions, Inman received copies of the motions via electronic mail. To date Inman has not filed any response to the complaint or to the default motions.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Allstate Property and Casualty's motion for a default judgment against Defendant Inman & Associates [#34] is **GRANTED**. Plaintiff Allstate Property and Casualty does not owe any obligation to Inman arising from the loss to the real or personal property at issue in this matter. Nor does Inman have any claim to the proceeds interplead in this action.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2010.