ALLSTATE PROPERTY & CASUALTY )
INSURANCE COMPANY, )
                                           )
      Plaintiff, )
                                           )
      vs. )      Case No. 4:10CV792 RWS
                                           )
REGINALD BAILEY, et al., )
                                           )
      Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Bailey's second motion for summary

judgment and motion for sanctions against Franklin Credit Management. The summary

judgment motion fails to comply with the Local Rule 7-4.01(E) which requires a party

seeking summary judgment to file "a statement of uncontroverted material facts, set forth

in a separately numbered paragraph for each fact, indicating whether each fact is

established by the record, and, if so, the appropriate citations" to support each fact. As I

advised the Baileys at the Rule 16 Conference, although they are proceeding pro se, they

must comply with the federal and local rules of civil procedure. The local requirement to

file a separate statement of uncontroverted material facts in support of a motion for

summary judgment is not just a technical requirement. It is requirement that is essential

to allow the parties and the Court to weigh the merits of the motion for summary

judgment.

In addition, the document excerpts submitted by the Bailey's in support of their motion for summary judgment do not establish that Franklin Credit has no interest in the interpleaded funds at issue in this case. It is not possible to determine the meaning or validity of these document excerpts without other relevant sections of the documents to determine, at a minimum, the definition of the terms of the document and the context of the exerpts.

In addition, I entered a Case Management Order on October 29, 2010. The Baileys' motion for summary judgment was filed two weeks later on November 12, 2010. The Case Management Order contemplates that Franklin Credit will be allowed time to conduct relevant discovery in this matter. The Baileys' motion, in addition to being non-compliant and insufficiently supported, is premature. Franklin Credit must be allowed to seek discovery from the Baileys and must be allowed time to obtain evidence to support its position in this matter.

Similarly, the Baileys' motion for sanctions is without support or justification. The Baileys themselves asserted in the underlying insurance litigation that Franklin Credit had an interest in the insured property. In addition, Franklin Credit was listed as the mortgagee in the insurance policy which is at the heart of this dispute. Franklin Credit is entitled to time and discovery as outlined in the Case Management Order to support its position in this matter.

I appreciate the Baileys' desire to receive an expeditious ruling in this matter.

However, in fairness to all parties, the rules of procedure and the ability to conduct timely discovery as directed in the Case Management Order must be followed.

Accordingly,

**IT IS HEREBY ORDERED that** the Baileys' motion for summary judgment [#40] is **DENIED**.

**IT IS FURTHER ORDERED that** the Baileys' motion for sanctions [#41] is **DENIED**.

**IT IS FURTHER ORDERED that** Franklin Credit Management's motion to strike [#44] is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2011.