UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALLSTATE PROPERTY & CASUALTY | ) | |
|---|---|---|
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV792 RWS |
| | ) | |
| REGINALD BAILEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In 2008, Defendants Reginald and Roxanna Bailey's house was damaged by a fire. Plaintiff Allstate Property and Casualty Insurance Company insured the house. The Bailey's sued Allstate for refusing to pay for the damage caused by the fire. The Baileys won a judgment. Allstate filed the present suit seeking to interplead the judgment award because a dispute arose as to who is entitled to the funds. Defendant Franklin Credit Management Corporation asserts that it has a mortgage interest in the Bailey's house and is entitled to all of the interpleaded funds. The Baileys dispute this claim and assert that the funds should be paid to them. Both the Baileys and Franklin Credit have moved for summary judgment. Because the evidence clearly establishes that Franklin Credit holds the mortgage note to the Baileys' house, it is entitled to the funds and summary judgment will be granted in Franklin Credit's favor.

*Background*

On January 6, 2010, the Baileys received a judgment in this District Court against Plaintiff Allstate Property and Casualty in the amount of $140,000.00 in Case No. 4:08CV1456 TCM. Allstate had provided insurance coverage to the Baileys' home located at 5920 Julian

Avenue in St. Louis, Missouri which was damaged by a fire on April 22, 2008. The verdict stated that Allstate was liable under the insurance policy for the damage. After the judgment was entered, Franklin Credit sought to intervene in the case to assert an interest in the judgment. The motion was denied but the trial court did not adjudicate any rights that Franklin Credit may have to the judgment proceeds

Because the Bailey's and Franklin Credit both made demands upon Allstate for the judgment award, Allstate filed an interpleader complaint seeking to deposit the judgment amount with this Court for adjudication. Allstate asserted that the Baileys and Franklin Credit both appeared to have an interest in the judgment proceeds.[1] As the basis for this assertion Allstate relied on the Baileys' sworn statement in proof of loss that was executed on June 30, 2008 as part of the Baileys' insurance claim to Allstate. (Pls.' Compl. Ex. 3) In that statement the Baileys identify Franklin Credit as having an interest or incumbrance on the property. In addition, Franklin Credit is identified in Allstate's insurance policy as a mortgagee of the property. (Pls.' Compl. Ex. 1).

After reviewing the record in this case, I issued an order on September 23, 2010, which stated that Allstate properly pleaded an interpleader action and I allowed it to deposit the $140,000.00 judgment with the Court. The dispute before the Court then became who is entitled to the funds, the Bailey's or Franklin Credit. Franklin Credit has filed counter and cross claims seeking the entire judgment amount. Both parties have moved for summary judgment.

---

[1] A default judgment was entered against a third defendant, Inman & Associates, who also appeared to have an interest in the judgment proceeds.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)).  The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy.  Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

On September 28, 2007, the Baileys borrowed money and executed a note payable to Tribeca Lending Corporation in the amount of $139,800.00 (the "Note"). (Franklin Credit's Mot. Summ. J. Ex. A)  The Note was secured by a deed of trust granting Tribeca a secured interest in the Baileys' house.  (Franklin Credit's Mot. Summ. J. Ex. B)  Tribeca is an affiliate of Franklin Credit.  Tribeca endorsed the Note in blank on September 28, 2007.  (Franklin Credit's Mot. Summ. J. Ex. A)  Franklin Credit currently holds the original Note.  (Franklin Credit's Mot. Summ. J. Ex. C)  Counsel for Franklin Credit showed the original note to Mr. Bailey in open

court. (Mem. in Opp. to Baileys's Mot. for Summ. J. at 5)  As of May 13, 2011, the current pay off amount of the Note is $198,756.32.  (Franklin Credit's Mot. Summ. J. Ex. C)

Under Missouri law, if a negotiable instrument, such as a promissory note, is endorsed in blank, the note is payable to the bearer/holder of the note. § 400.3-205(b) R.S.Mo.  When a promissory note is transferred, the deed of trust is also transferred.  <u>Bellistri v. Ocwen Loan Servicing, LLC</u>, 284 S.W.3d 619, 623 (Mo. Ct. App. 2009).  The new note holder receives all the interest, rights, powers and security conferred by the deed of trust.  <u>Id.</u>

It is undisputed that Franklin Credit is the bearer/holder of the Bailey's Note.  The Note is endorsed in blank the Note is payable to Franklin Credit.  As the holder of the Note, Franklin Credit also holds the deed of trust.  As the holder of the Note and the deed of trust, Franklin Credit has the legal right to pursue any and all remedies under the Note and the deed of trust.  Under Section 5 of the deed of trust, Franklin Credit, as holder of the Note, is entitled to any insurance proceeds paid by an insurer for damage to the property.

The Baileys oppose Franklin Credit's claim to the insurance proceeds on two grounds.  First, they assert that Franklin Credit was added to the Allstate insurance policy as a loss payee the day after the fire damaged their house.  Even if this allegation is true, the question of when Franklin Credit was added to the policy is not relevant to the issue of who has a priority claim over the insurance proceeds.  The timing of the addition of Franklin Credit to the policy was only relevant factor in determining whether Allstate filed the present interpleader action in good faith.  As I stated in my order of September 23, 2010, Allstate had good cause to seek to interplead the judgment with this Court based on the Baileys' own sworn proof of claim that Franklin Credit had an interest in the property.

Moreover, under the deed of trust, the holder of the Note is entitled to proceeds form an insurance polisy based on damage to the property. The deed of trust does not require the holder of the Note to be a named loss payee on the policy on the date of the loss to enforce that right.

The Baileys' second grounds for opposing the payment of the proceeds to Franklin Credit is their assertion that their Note was sold to other entities. The documents that the Baileys have submitted in support of this position are incomplete, do not establish that the Note at issue was sold, and do not overcome the fact that Franklin Credit actually possesses the Note. As the holder of the Note, which has been endorsed in blank, Franklin Credit has the legal right to pursue any and all remedies under the Note and the deed of trust. As a result, Franklin Credit's claim to receive the insurance proceeds at issue in this matter is supported by law and fact and will be granted.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Franklin Credit Management Corporation's motion for summary judgment on its counterclaim and its cross claim [#53] is **GRANTED**. The interpleaded funds held by the Court in this matter shall be paid to Franklin Credit Management Corporation.

**IT IS FURTHER ORDERED that** Defendant Baileys' motion for summary judgment [#56] and motion sanctions [#59] are **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of October, 2011.