UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:10CV792 RWS |
| REGINALD BAILEY, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On October 7, 2011, I granted summary judgment in this matter to Defendant Franklin Credit Management Corporation. The judgment awarded insurance proceeds held by the Court to Franklin Credit. On October 12, 2011, Defendant Reginald Bailey filed a motion to reconsider my judgment under Federal Rules of Civil Procedure 60(b) (1) and 60(b)(3).

A motion under Rule 60(b) "is not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Bailey's motion does just that, he is rearguing the same points he asserted at the summary judgment stage of this case.

Rule 60(b)(1) allows a correction of a judgment based on a "mistake, inadvertence, surprise, or excusable neglect" that effected a judgment. There is no

basis for relief under this rule from the judgment issued in this case.

Rule 60(b)(3) is a motion for relief based on fraud, misrepresentation, or misconduct by an opposing party. There is not any evidence of fraud, misrepresentation, or misconduct by Franklin Credit. Bailey is simply challenging my judgment which held that because Franklin Credit is the actual holder of the Note at issue in this matter, under Missouri law, Franklin Credit has the legal right to pursue any and all remedies

Bailey argues that a document titled "Notification of Assignment, Sale or Transfer of Your Mortgage Loan" he has submitted shows that on December 7, 2010, Bosco Credit III, LLC became the actual owner of the Note. He asserts that because Bosco Credit III, LLC is the owner of the Note, Franklin Credit has no standing to assert a right to the insurance proceeds at issue in this case. As I stated in my order granting summary judgment, Bailey's position is not supported by Missouri law. As the actual holder of the Note which has been endorsed in blank, Franklin Credit may assert all rights under the Note and deed of trust. It makes no difference that document Bailey has submitted states that some other entity owns the Note. Franklin's actual position of the Note entitles it to enforce the Note.

Moreover, the document which Bailey relies upon clearly states that Franklin Credit is still the servicer of the loan and that "Franklin Credit

Management Corporation, as servicer, has authority to act with regard to the administration of your mortgage loan. All correspondence and any questions concerning your mortgage loan or this notice should be directed to Franklin Credit Management ..." As the servicer of the loan, Franklin Credit has full authority to assert a claim to the insurance proceeds at issue in this matter.

As a result, Franklin Credit, as the holder of the Note or as the servicer of the loan, has standing to assert a claim for the insurance assets at issue in this matter.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Reginald Bailey's motion for reconsideration [#71] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2011.